IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN BORIS<br>184 Pipers Inn Drive<br>Fountainville, PA 18923-9503,<br><br>                          Plaintiff,<br><br>      vs.<br><br>LTD FINANCIAL SERVICES, L.P.<br>7322 Southwest Freeway, Suite 1600<br>Houston, TX 77074,<br><br>                        Defendant. | CIVIL ACTION NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

3. Defendant is subject to strict liability for sending a collection letter which violates the provisions of the FDCPA.

### II. JURISDICTION

4. Jurisdiction arises under 15 U.S.C. § 1692k and 28 U.S.C. § 1337.

### III. PARTIES

5. Plaintiff Susan Boris is a consumer who resides in Fountainville, Pennsylvania at the address captioned above.

6. Defendant LTD Financial Services, L.P. (hereinafter "LTD") is a foreign corporation with a principal place of business in Houston, Texas and a mailing address as captioned.

7. Defendant LTD regularly engages in the collection of consumer debts in the Eastern District of Pennsylvania.

8. LTD regularly attempts to collect consumer debts alleged to be due another using the mail and telephone.

9. LTD is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

IV. **STATEMENT OF CLAIM**

10. On December 10, 2010, Defendant LTD sent Plaintiff a form collection letter in an attempt to collect a consumer debt alleged due in the amount of $767.39. (Exhibit "A", redacted per local rule for privacy).

11. Defendant's December 10, 2010 letter demands payment by settlement of the account for a payment of $613.91.

12. The December 10, 2010 letter goes on to state:

"If the discharged amount of your settlement is $600.00 or more after the final payment of your settlement is received, the above named creditor may be required to notify the IRS of that amount. You will receive a copy of the 1099C form that will be filed with the IRS." [emphasis added]

13. The IRS regulation to which the Defendant apparently refers in its letter is 26 CFR 1.6050P-1. That regulation requires only that any applicable financial entity that "discharges an indebtedness" of any person of at least $600.00 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. A discharge of

indebtedness is deemed to have occurred, <u>if and only if</u>, there has occurred an <u>identifiable event</u> described in paragraph (b)(2) of that Regulation.

14. Here, Defendant's offer to settle an alleged debt of $767.39 for a payment of $613.91, even if accepted, would not leave a discharged balance sufficient to trigger any identifiable event, nor the issuance of a Form 1099-C.

15. Even if the entire sum were somehow discharged, there are exceptions to the reporting requirement. For instance, discharged amounts consisting of interest and non-principal charges need not be reported. Defendant's letter fails to account for these exceptions. In other words, not every debt forgiveness will trigger a Form 1099 filing – yet Defendant's letter says that an IRS 1099C Form <u>will be filed</u>. (Exhibit A).

16. Further, the compromise or settlement of a disputed claim does not trigger an identifiable event.

17. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, or misleading statements in connection with the collection of a debt, including the threat to take any action that cannot legally be taken or that is not intended to be taken. 15 U.S.C. §§ 1692e, 1692e(5).

18. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

19. Defendant's reference to reporting to the IRS any remaining balance as a discharged debt is false, deceptive and misleading, as well as intimidating, in violation of the Act.

20. The reference deceptively and unnecessarily injects the Internal Revenue Service into the collection calculus. This has the effect of intimidating and confusing the consumer.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

22. Defendant's letter violates the Fair Debt Collection Practices Act by making false, deceptive or misleading representations in connection with the collection of a debt alleged due. 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

**WHEREFORE**, Plaintiff Susan Boris demands judgment against Defendant LTD Financial Service, L.P. for:

   (a) Damages;

   (b) Attorney's fees and costs;

   (c) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 9/7/11

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0781

4